**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MUSTAFA ALI,** | : | **No. 3:26-CV-0149** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LAUREL HARRY, *et al.*,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Plaintiff Mustafa Ali initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging a violation of his First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc. He contends that Pennsylvania Department of Corrections (DOC) officials are substantially burdening his religious exercise in state prison. Defendants move for partial dismissal of Ali's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court will grant in part and deny in part Defendants' motion.

## I. BACKGROUND

Ali is currently imprisoned at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. (Doc. 1 ¶ 3). He avers that he is a

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

life-long devout, practicing Muslim. (Id. ¶ 6). Ali asserts that, according to his religious beliefs, he is required to offer five daily prayers. (Id. ¶ 7). His religion also dictates that he anoint himself with "scented Islamic oil" before each of the obligatory daily prayers and any additional voluntary prayers. (Id. ¶ 10).

According to Ali, however, DOC policy does not permit inmates to possess scented oils and therefore those oils are not an approved item for outside purchase. (Id. ¶ 12). Instead, inmates are only given scented oil before Friday's prayer service. (Id.) Ali alleges that he submitted a religious accommodation request in 2023, seeking to be provided with or being allowed to purchase a one-ounce bottle of scented Islamic oil to be used for his daily required prayers. (Id. ¶ 13). Ali recounts that Religious Services Administrator Ulli Klemm denied this accommodation request on October 2, 2023. (Id. ¶ 14). Ali promptly filed a prison grievance regarding Klemm's accommodation denial, which he pursued through all levels of the DOC's administrative process. (Id. ¶¶ 14-15).

Ali filed the instant lawsuit in January 2026. He alleges that the relevant DOC policy (DC-ADM 819) banning possession of scented Islamic oil substantially burdens his free exercise of religion and thus violates the First Amendment and RLUIPA. (Id. ¶¶ 20-22, 26). He seeks compensatory and punitive damages, costs, and injunctive relief in the form of authorization to possess scented Islamic oil through either outside purchase or provision by the

Chaplain's office. (Id. at p. 4). He names as defendants Secretary of the DOC Laurel Harry and Religious Services Administrator Klemm. (Id. ¶¶ 4-5).

Defendants now move for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14). That motion is fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

## III. DISCUSSION

Defendants first contend that Ali's official capacity claims must be dismissed because they are barred by Eleventh Amendment sovereign immunity. Next, they assert that any claims for compensatory damages must be dismissed because Ali has not alleged that he suffered physical injury. Finally, they contend that any individual-capacity RLUIPA claims seeking monetary damages must be dismissed. The court will take each argument in turn.

## A. Official Capacity Claims

At the outset, the court must note that Ali's complaint does not explicitly allege *any* official capacity claims against Harry or Klemm. Although Defendants posit that Ali has sued them in their official capacities, (see Doc. 15 at 4 (citing Doc. 1 ¶ 5)), Ali's complaint contains no such language at paragraph 5 or anywhere else. Nevertheless, because the parties agree that Ali has sued Defendants in their individual and official capacities, there does not appear to be a hurdle to addressing the sufficiency of the official capacity claims.

The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United States citizens or citizens of foreign states—brought against a state. U.S. CONST. amend. XI; Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This immunity from private suit extends to state agencies as well as state officials acting in their official capacity because such lawsuits are essentially civil actions "against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983. See 42 PA. CONS. STAT. ANN. § 8521(b); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT.

§ 8521(b)). There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief." Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa., 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, Ex parte Young, 209 U.S. 123 (1908)).

Defendants are correct that any claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment sovereign immunity. Defendants are incorrect that sovereign immunity bars all official capacity claims. Ali may seek prospective injunctive relief through an official capacity claim against a state official, see id., and Ali explicitly requests such relief. As such, Defendants' motion to dismiss the official capacity claims will be granted in part and denied in part.

### B. Compensatory Damages

Defendants next contend that Ali's request for compensatory damages is barred by 42 U.S.C. § 1997e(e). Ali concedes that Defendants are correct, (see Doc. 18 at 3), as he must.

Compensatory damages may be awarded in a Section 1983 action "to compensate for actual injury suffered as a result of the violation of a constitutional right." Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000). Under

the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, however, compensatory damages are not available to prisoners for mental or emotional injuries alone. Rather, pursuant to 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e); Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003).

Ali does not allege any physical injury. He therefore cannot pursue compensatory damages for his Section 1983 claims. Nevertheless, as Ali correctly observes, nominal and punitive damages are not barred by Section 1997e(e)'s physical injury requirement. See Mitchell, 318 F.3d at 533. Defendants' Rule 12(b)(6) motion will be granted with respect to Ali's claims for compensatory damages.

### C. RLUIPA Claims

It is well settled that RLUIPA "does not permit" actions against government officials "in their individual capacities." Sharp v. Johnson, 669 F.3d 144, 153, 154 (3d Cir. 2012). Therefore, to the extent that Ali's complaint attempts to assert individual capacity RLUIPA claims against Harry and Klemm, those claims must be dismissed. Ali concedes this conclusion. (See Doc. 18 at 3).

It follows that, with respect to Ali's RLUIPA claims against the state officials sued herein, only equitable relief would be available. That is because in RLUIPA claims against state officials in their official capacities, monetary damages are barred by Eleventh Amendment sovereign immunity. See Sharp, 669 F.3d at 155 (explaining that states did not consent to waive sovereign immunity "with respect to RLUIPA suits for damages against State employees in their official capacities" (citing Sossamon v. Texas, 563 U.S. 277, 285-86, 288 (2011))).

**D. Leave to Amend**

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Ali, who is a seasoned *pro se* litigant, has not requested leave to amend. Nor does there appear to be any basis for amendment.

This case will proceed on the following Section 1983 claims: (1) individual capacity First Amendment free exercise claims against Defendants, with relief limited to nominal or punitive damages; (2) official capacity First Amendment free exercise claims against Defendants, with only prospective injunctive relief available; and (3) official capacity RLUIPA claims against Defendants, with only prospective injunctive relief available.

## IV. CONCLUSION

Based on the foregoing, the court will grant in part and deny in part Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). An appropriate Order follows.

**Date:** 10/13/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**